**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DANIEL ALFONSO ARANGUREN MENDOZA,

Petitioner,

v. No. 1:26-cv-03219-KG-KRS

GEORGE DEDOS, *Warden, Cibola County Correctional Facility; et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Daniel Alfonso Aranguren Mendoza's Amended Petition for a Writ of Habeas Corpus ("Amended Petition"), Doc. 3, and the Government's Response, Doc. 7. Petitioner, appearing pro se, challenges his continued detention and seeks his immediate release or an individualized bond hearing. Doc. 3 at 5–6. For the reasons below, the Court denies the Petition.

***I. Background***

Petitioner is a native citizen of Venezuela who entered the United States on May 28, 2022, pursuant to a B-2 via, which was valid until November 27, 2022. Doc. 7 at 2. Petitioner was later granted Temporary Protected Status ("TPS"), and his asylum application is currently pending. Doc. 3 at 1. On February 7, 2026, Petitioner was arrested for felony charges of "Burglary with Assault or Battery" in Jacksonville, Florida. Doc. 7-1 at 2–3. On March 19, 2026, Petitioner was convicted of "Misdemeanor Trespass in structure of conveyance" and served a sentence of forty (40) days. *Id.* Petitioner was then transferred to U.S. Immigrations and Custom Enforcement ("ICE") custody and is currently detained at the Cibola County Detention Facility in Milan, New Mexico. Doc. 3 at 2. Petitioner has not yet been granted an individualized bond hearing. Doc. 7 at 2. On June 23, 2026, an Immigration Judge ("IJ") ordered Petitioner removed because he overstayed his lawful visa.

Doc. 7-2 at 1–4. The order of removal indicates that Petitioner reserved the right to appeal, and the Government's Response does not contend his order has become administratively final. *Id.* at 4.

Petitioner challenges his continued detention as unlawful and seeks immediate release or, in the alternative, an individualized bond hearing. Doc. 3 at 5–6. The Government opposes the Amended Petition. *See* Doc. 7. It contends that Petitioner's detention is statutorily. *Id.* at 3–4.

***II. Standard of Review***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under 28 U.S.C. § 2241(c)(3) if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States." *See Zadvydas*, 533 U.S. at 687. In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)).

The detention of noncitizens who are "seeking admission" to the United States and are not subject to a final order of removal is governed by Section 236 of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1226. Under this statute, the detention of a noncitizen without a bond hearing constitutes a violation of their right to due process under the Fifth Amendment to the United States Constitution. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). Section 1226(c) is an exception to this general rule. As relevant here, it mandates the detention of any noncitizen who is "charged with, is arrested for . . . acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer[.]" 8 U.S.C. § 1226(c)(1)(E).

## ***III. Analysis***

The Court concludes that Petitioner is subject to mandatory detention under § 1226(c). Under these circumstances, the Government's failure to provide Petitioner with an individualized bond hearing constitutes harmless error.

Here, Petitioner was arrested for arrested on state-law felony charges in Florida: "Burglary with Assault or Battery." Doc. 7-1 at 2–3. Although Petitioner eventually pleaded guilty to the lesser crime of "Misdemeanor Trespass in structure of conveyance," mandatory detention under § 1226(c)(1)(E) is triggered by an arrest, charge, or conviction for the crime of burglary. For the same reasons, even if Petitioner's assertion that he "has never been convicted of a crime" was correct, *see* Doc. 3 at 2, that would not alter the Court's analysis. Petitioner is therefore subject to mandatory detention under § 1226(c). And because the IJ would be required by § 1226(c) to deny Petitioner's request for a bond hearing, the Court further concludes that the Government's failure to grant a timely bond hearing is harmless.

## ***IV. Conclusion***

For the reasons above, the Amended Petition, Doc. 3, is denied without prejudice.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.